Singh v. Garland

BIA
Verrillo, IJ
A202 038 769

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:
DENNIS JACOBS,
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

MANJIT SINGH,
        *Petitioner*,

        v.                                    20-2680
                                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Dalbir Singh, Esq., New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manjit Singh, a native and citizen of India, seeks review of a July 21, 2020, decision of the BIA affirming an April 17, 2018, decision of an Immigration Judge ("IJ") denying his application for withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Manjit Singh,* No. A 202 038 769 (B.I.A. July 21, 2020), *aff'g* No. A 202 038 769 (Immig. Ct. Hartford Apr. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of

---

[1] Singh did not exhaust a challenge to the denial of his asylum claim as time barred. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

Singh alleged that members of the Congress Party attacked and threatened him on account of his membership in the Shiromani Akali Dal Amritsar Party ("SADA Party"). The agency reasonably relied on inconsistencies within Singh's

3

statements and between his statements and documentary evidence. As the agency found, the record was inconsistent about whether Congress Party members contacted Singh's sisters, and whether Singh received medical treatment for an attack in 2012 or 2015. The agency was not required to credit Singh's explanations of typographical error. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The agency did not err in relying on Singh's father's omission of his own beating, as that beating was allegedly perpetrated by Congress Party members looking for Singh. *See Hong Fei Gao*, 891 F.3d at 78 ("the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"). And Singh's supporting affidavits further undermined his credibility because they contained "nearly identical language." *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court . . . has

4

firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'").

In sum, the inconsistencies, omission, and canned affidavits provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 78; *Mei Chai Ye*, 489 F.3d at 524. The adverse credibility determination is dispositive of withholding of removal and CAT relief because both claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```